IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KATHERINE LYNN NIELSEN,

          Plaintiff,

                                              No. 3:12-cv-02111-HZ

                                              OPINION & ORDER

          v.

AMTRAC,

          Defendant.

Katherine Lynn Nielsen
522 E. Johnson Ave.
Chelan, WA 98816

       Pro Se Plaintiff

HERNANDEZ, District Judge:

       Katherine Lynn Nielsen ("Plaintiff"), pro se, filed a Complaint against "Amtrac" alleging

federal question jurisdiction based on "Discrimination to Handicap", seeking a lifetime ticket on

1 - OPINION & ORDER

Amtrac and $1,300,000.[1]  Compl., pp. 1-2, 5.  Plaintiff also filed an Application to Proceed In

Forma Pauperis ("IFP") (doc. #1) and a Motion for Appointment of Pro Bono Counsel (doc. #3).

For the reasons that follow, Plaintiff's Motion for Appointment of Pro Bono Counsel is

DENIED, Plaintiff's Application to Proceed IFP is DENIED, and the Complaint is dismissed sua

sponte for failure to state a claim.

## DISCUSSION

A court must subject each civil action commenced pursuant to 28 U.S.C. § 1915, the in

forma pauperis statute, to mandatory screening and order the sua sponte dismissal of any action it

finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) ("It is . . . clear

that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis

complaint that fails to state a claim.") (Citation omitted).  "A document filed pro se is to be

liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers".  Beaty v. Schriro, 554 F.3d 780,

782 (9th Cir. 2009) (quotation marks and citation omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-

pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc.

v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-113

(1936)).  A complaint must allege the "grounds" of her "entitlement to relief" and must state

"enough facts to state a claim to relief that is plausible on its face".  Bell Atl. Corp. v. Twombly,

---

[1] Although Plaintiff brings this action against "Amtrac", it appears that Plaintiff intended to file
suit against Amtrak, a national railroad corporation.  This Court, however, will refer to defendant
as "Amtrac" consistent with Plaintiff's own claims.

550 U.S. 544, 555, 570 (2007).  Rule 8 of the Federal Rules of Civil Procedure requires a

complaint to provide "a short and plain statement of the claim showing that the pleader is entitled

to relief."  Fed. R. Civ. P. 8(a)(2).  The short and plain statement of the claim showing that the

pleader is entitled to relief must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests".  Twombly, 550 U.S. at 555 (quotation marks and citation omitted).

## I. Motion to Proceed IFP

Section 1915 of title 28 of the United States Code provides:

> [A]ny court of the United States may authorize the commencement, prosecution
> or defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

Plaintiff need not show that she is "absolutely destitute to enjoy the benefit of the

statute."  Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948).  Plaintiff must,

however, demonstrate her indigence with "some particularity, definiteness, and certainty."

United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff fails to satisfy her burden.  Plaintiff does not state whether she receives money

from "other sources" as required by her Application to Proceed IFP.[2]  Application to Proceed

IFP, p. 2.  More troubling is that Plaintiff states that she owns a home with another individual in

Chelan, Washington, but fails to state the value of the home as required by the Application to

Proceed IFP.[3]  Plaintiff also states that she owns a "2007 Dodge Caliber", but does not provide

---

[2] Plaintiff states that she is currently employed by Colville Casino located in Manson,
Washington, but represents that she receives no wages because she has been on disability leave
since September 15, 2012.  Application to Proceed IFP, p. 1.
[3] Plaintiff merely states "[$]3,000.00 profit sharing", which suffice it to say, says nothing about
the value of the home.  Application to Proceed IFP, p. 3.

3 - OPINION & ORDER

the value of the automobile.  Id.  Finally, although Plaintiff represents that she owns "[n]ew

jeeps" because she is "trying to start a business", she fails to state the value of those assets.  Id.

In short, Plaintiff fails to demonstrate her indigence with particularity, definiteness, and

certainty.  Accordingly, her motion to proceed IFP is denied.

## II. Sua Sponte Review

Even if Plaintiff had sufficiently demonstrated her indigence, her Complaint would still

be dismissed.  As stated above, Plaintiff alleges that the basis for this action is "[d]iscrimination

to [h]andicap".  Compl., p. 3.  There is no statute that provides for relief on the basis of

"handicap".  It is well recognized that there are statutes which prohibit discrimination against

those with disabilities, such as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101

et seq., and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.[4]  Plaintiff, however,

makes no allegation that she is disabled within the meaning of the ADA or § 504 of the

Rehabilitation Act.  Plaintiff's conclusory allegations that she is "handicapped" and that she "got

off [the] train with all [her] bags and schooter [sic]" simply do not make the requisite showing

that Plaintiff is disabled under the ADA.  Compl., p. 3.  See 42 U.S.C. § 12102(2) (defining

"disability" as "a physical or mental impairment that substantially limits one or more of the

major life activities of such individual", "a record of such an impairment", or "being regarded as

having such an impairment"); see also Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.

2007) ("plaintiff must show that . . . she is disabled within the meaning of the ADA").

The Complaint also fails for other reasons.  In her first claim for relief, Plaintiff alleges

that although the "passengers [on the train] were very helpful", the "crew was not."  Compl., p.

_____

[4] "We examine cases construing claims under the ADA, as well as section 504 of the
Rehabilitation Act, because there is no significant difference in the analysis of rights and
obligations created by the two Acts."  Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir.
2002).

3.  Plaintiff alleges that "after leaving Portland", "Amtrac told [her] on the phone to get off [the] train and renew [her] ticket for [the] next day." Id.  She alleges that when she got off the train, she "was informed the train captain didn't want [her] on [the] train [the next day] either" and that she has "not been on [Amtrac] since" even though she has a "[$]730 voucher." Id.  As to Plaintiff's second claim for relief, Plaintiff alleges that "[t]he person minding the cabin was not attentive in any way" and was "upset" with her the "first time [Plaintiff] saw her." Id., p. 4. Plaintiff further alleges that the "person minding the cabin" only "asked if [Plaintiff] needed something", "didn't get up to help [Plaintiff] back to the other train", and "[n]ever asked if she could bring water or food to [Plaintiff]." Id.  Plaintiff's third and final claim for relief alleges that even though "no one got on the train car", the "captain" "skollded [sic] [her,] telling [her] that [she] needed to get all [her] bags to 1 seat" and "informed [her] that they were letting [her] off in Salem". Id.

These allegations fall short of stating a claim for relief.  Even assuming Plaintiff's allegations as true, the fact that Amtrac's "crew" was not "helpful" or "attentive", failed to Plaintiff "bring water or food", and was "very rude" by themselves do not state a claim for relief under the ADA or § 504 of the Rehabilitation Act.  Similarly, the fact that the "captain" told Plaintiff "to get all [her] bags to 1 seat" and "informed [her] that they were letting [her] off in Salem" also falls short of stating a claim for relief.  In addition, Plaintiff fails to state how her treatment by Amtrac was related to her disability.

Simply stated, the Complaint fails to state a claim for relief.  Accordingly, it is dismissed.

### III. Motion for Appointment of Pro Bono Counsel

There is generally no constitutional right to counsel in a civil case. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995); United States v. 30.64 Acres of

Land, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally . . . no constitutional right to counsel in a civil case".) (Citation omitted).  A court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quotation marks and citation omitted).

Because Plaintiff fails to establish her indigence, she in turn fails to establish that she qualifies for in forma pauperis status.  Accordingly, her motion for appointment of counsel is denied as moot.  Even if Plaintiff had established her indigence, however, I would still deny her motion.  As discussed above, there is little likelihood of success on the merits.  Furthermore, Plaintiff has demonstrated her ability to sufficiently articulate her claims and the facts supporting her claims in light of the complexity of the issues involved.

The circumstances at this time do not warrant seeking volunteer counsel to accept a pro bono appointment for Plaintiff.  Plaintiff's motion for appointment of counsel is therefore denied.

**IV. Leave to Amend**

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Silva v. Di Vittorio, 658 F.3d 1090, 1106 (9th Cir. 2011) (citation omitted).  Because it is unclear that the deficiencies in the Complaint could not be cured by amendment, Plaintiff is given leave to amend the deficiencies identified above.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Appointment of Pro Bono Counsel

(doc. #3) is DENIED, Plaintiff's Application to Proceed IFP (doc. #1) is DENIED, and the

Complaint is dismissed <u>sua sponte</u> for failure to state a claim.  Plaintiff is to file a corrected

application to proceed IFP and a First Amended Complaint within thirty days of the date stated

below.

IT IS SO ORDERED.

Dated this ⟨29⟩ day of ⟨Dec.⟩, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge